512

No. 20918.

RALPH C. HADDOCK *v.* CLARA GLENN.
(403 P.2d 873)

Decided July 6, 1965.

D. E. JOHNSON, for plaintiff in error.

RALPH N. WADLEIGH, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THIS is an action brought under Rule 105, R.C.P. Colo., by the defendant in error, to whom we will refer as the plaintiff, in which she prayed for a complete adjudication of the rights of all parties in and to a parcel of land in Sugar City located in Crowley County, Colorado. The

defendants named in said action were as follows: R. R. Haddock, also known as Robert R. Haddock, Margaret E. Herman as Public Trustee for Crowley County, Colorado, Empire State Bank, a Corporation, and all Unknown Persons who claim any interest in the subject matter of this action. She sought entry of a decree quieting title in her to the described lot and adjudging her to be the owner in fee simple thereof.

The defendant Empire State Bank disclaimed all interest in the property and Ralph C. Haddock, son of the defendant R. R. Haddock, intervened as a party defendant. He asserted that he was proceeding to foreclose certain deeds of trust through the Public Trustee of Crowley County (who was a named defendant). He sought entry of a decree to the effect that plaintiff's interest in said real estate be adjudged inferior and subject to the "prior rights" asserted by him. In these pending foreclosure proceedings Ralph C. Haddock asks approximately $11,000 as the amount necessary to redeem the property, payment of which, as claimed, would be required before the plaintiff's claim of ownership would be of any value.

Pertinent facts are set forth in the findings of the trial court as follows:

"In civil action No. 1899, Clifford Glenn and the plaintiff, Clara Glenn, doing business as Glenn Hardware and Building Materials, recovered a judgment against R. R. Haddock for building materials and supplies used in building a structure on the land involved, in the sum of $1,153.53 together with interest at 6% from January 29, 1954, to the date of the judgment, March 11, 1959. The judgment gave the said Clifford Glenn and Clara Glenn a materialman's lien upon the structure located on the mentioned lot in Sugar City, and ordered that the structure be sold on execution by the sheriff of Crowley County to enforce the said lien, the structure to be removed by any purchaser at the sale, within 30 days, with the further provision that should the proceeds of such sheriff's sale be insufficient to satisfy the judgment, an

alias execution might issue to enforce satisfaction of said judgment.

"Pursuant to said judgment, the sheriff held a sale on June 10, 1959, at which sale the sole and only bid was made by R. R. Haddock for the sum of $10. The structure was not removed from the land. Thereafter in further pursuance of said judgment the sheriff siezed [sic] the said property including lot 1, block 19, Sugar City, Crowley County, Colorado, on July 1, 1959, on alias execution, and at the sheriff's sale which followed, sold the said property to plaintiff, Clara Glenn, for the sum of $1,153.53 on February 29, 1960.

"The plaintiff has paid property taxes thereon for the years 1960, 1961 and 1962. It appears that due to the actions of the defendants, R. R. Haddock and Ralph C. Haddock, she has not been able to go into possession of the said property.

"Defendant Ralph C. Haddock maintains that he was in possession of said property, though he admits that he presently lives in Otero County, Colorado, and that at least part of the time he was serving a sentence in the State Penitentiary and obviously therefore could not have been in personal possession of said property, and also lived in El Paso County during part of the period.

"On December 27, 1949, R. R. Haddock obtained a loan for $2300 from Empire State Bank of Rocky Ford, Colorado, evidenced by three promissory notes; one for $300; one for $500; and one for $1500. These notes were secured by a deed of trust on the lot above-mentioned and certain other lots in the Town of Ordway, Crowley County, Colorado. According to testimony of the president of the Empire State Bank all of these notes were written off of the bank books as paid, several years ago, though the bank retained all of the notes due to the fact that a later loan secured by deed of trust covering the property was made as outlined hereafter. The evidence also indicates that there was a partial release of certain parts

of property covered by the deed of trust and not involved in this action.

"On November 4, 1953, R. R. Haddock and Alta Haddock, his wife, obtained a further loan from the Empire State Bank secured by the same real estate, in the sum of $4,500, evidenced by four promissory notes; one for $500, payable 6 months after date; one for $1,000 payable 1 year after date; one for $1500 payable 2 years after date; and one for $1500, payable 3 years after date. The bank stamp on the notes indicates payments as follows: The $500 note was paid May 3, 1954; the $1,000 note was paid April 6, 1956; one $1500 note was paid November 4, 1957.

"At the time of the trial in civil action No. 1899, the Empire State Bank stipulated that the balance owed by R. R. Haddock to the Empire State Bank by virtue of these deeds of trust was $697.81 plus accrued interest due and owing.

"On July 17, 1959, Ralph C. Haddock paid the balance then due on the R. R. Haddock indebtedness to the Empire State Bank in the sum of $637.61 plus interest. At this time the bank endorsed each of the notes it then held to 'Ralph C. Haddock, without recourse,' apparently at the request of Ralph C. Haddock.

"It is the contention of Ralph C. Haddock, son of R. R. Haddock, that all or a substantial part of the payments to the Empire State Bank during the years, had been made by his father for him, and that he had paid in behalf thereof more than $9,000 including principal and interest.

"The president of the Empire State Bank clearly indicated that all payments except the last, on all notes, were made by R. R. Haddock or through payments made by contract purchasers from R. R. Haddock of certain lands in which transaction the Bank acted as escrow agent, crediting R. R. Haddock as the payments by the contract purchasers were made to the Bank as escrow agent for R. R. Haddock. Only the last payment was

made by Ralph C. Haddock. The court finds that R. R. Haddock's testimony that he 'never made any payments' to the bank cannot be believed in view of the testimony of the bank president to the contrary.

"Ralph C. Haddock testified that he had been making payments on the notes for years, the total of which payments exceeded $9,000. He further testified that he had been in possession of the property involved in excess of 4 years, the nature of his possession not being detailed. He was clearly not in personal possession as he was admittedly living elsewhere, and by his own testimony so busy that he could not be present for even so important a matter as bidding in the property at the first sheriff sale. In connection with this sale and the question of why the structure had not been removed within the 30 days provided by the decree and statute, he stated: 'I had the buildings bidded in and I wouldn't want to move them off of *my own property* and put them right back.' (Emphasis supplied.)"

The trial court ORDERED, ADJUDGED AND DE-CREED the following:

"(1) That in making the payment of July 17, 1959, Ralph C. Haddock, as owner of lot 1, block 19, Sugar City, Crowley County, Colorado, was merely paying an obligation which he, as secret owner of the land, was obligated to pay anyway, and obtained no interest in the land which would be superior to the interest owned by plaintiff as purchaser at the sheriff's sale, as evidenced by the sheriff's deed dated February 29, 1960, and recorded in book 176 at page 287 of the records of the County Clerk and Recorder of Crowley County, Colorado, on March 1, 1960.

"2. That the purported foreclosures by the Public Trustee of Crowley County of that certain deed of trust on the lot involved, dated December 27, 1949, executed by R. R. Haddock to secure promissory notes aggregating $2300 evidencing a loan owed by him to the Empire State Bank and of that certain deed of trust on the lot

involved dated November 4, 1953, executed by R. R. Haddock and Alta Haddock to secure promissory notes aggregating $4500 evidencing a loan owed by them to the Empire State Bank, are of no effect, and the Public Trustee of Crowley County, Colorado, and the defendant, Ralph C. Haddock, are hereby permanently enjoined from proceeding further with said invalid purported foreclosures.

"(3) That the plaintiff, Clara Glenn, is the owner in fee simple and entitled to possession of lot 1, block 19, Sugar City, Crowley County, Colorado, and the defendants are barred and enjoined from asserting any claim or title thereto.

"(4) That plaintiff have judgment for her costs herein expended."

There is an abundance of evidence in the record before us to support the findings of the trial court, and the law was correctly applied to the facts as they were found to exist.

The judgment accordingly is affirmed.

MR. JUSTICE DAY and MR. JUSTICE McWILLIAMS concur.